```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| LENA RICE ONEAL, | CIVIL ACTION NO. 05-5509 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| UNITED STATES FEDERAL PROBATION, et al., |  |
| Defendants. |  |

**THIS MATTER ARISES** on the in-forma-pauperis application pursuant to 28 U.S.C. § 1915 ("Application") by the plaintiff pro se, Lena Rice Oneal.  This appears to be an action against the United States Probation Office and certain probation officers.  (Dkt. entry no. 1.)  The Court will address the Application first.  See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

### THE APPLICATION

The plaintiff states that she is currently employed on a part-time basis, but neither identifies her employer nor states the amount of her wages.  (App., at 2.)  However, she asserts that she has $10 in savings, and possesses nothing else of value.  (Id.)  The Court, in an excess of caution, will grant the Application.

### THE COMPLAINT

The Court may direct sua sponte that a complaint be dismissed if it "is frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  The Court must construe a pro se complaint liberally.  See Haines

v. Kerner, 404 U.S. 519, 520 (1972).  The Court also must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

The complaint — consisting of approximately 50 pages of mostly-illegible handwriting and exhibits — appears to indicate that the plaintiff is unhappy with the United States Probation Office.  However, the complaint "offer[s] no assistance" to the Court as to the factual or legal basis for the plaintiff's claims, and thus the Court "can discern no clear actionable claim amongst [the] dense thicket" of submissions.  Doumit v. Coldwell Banker Realtors, 135 Fed.Appx. 543, 544 (3d Cir. 2005) (affirming order dismissing pro se complaint).  The plaintiff has failed to comply with Federal Rule of Civil Procedure 8(a)(2) – which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" — and, thus, has failed to give the defendants "fair notice of what [the] claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).[1]

---

[1] The plaintiff appears to assert in the Application that the "attached packet will explain" her claims here.  (App., at 1.)  The Court finds the submitted packet to be the antithesis of explanatory.

**DISMISSING THE COMPLAINT**

The Court ordinarily would dismiss the complaint as being frivolous and failing to state a claim on which relief may be granted, but without prejudice and with leave to amend.  See 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); Doumit, 135 Fed.Appx. at 543 (commenting district court initially dismissed "unnecessarily complicated, and extremely verbose" pro se complaint, with leave to amend); Gearhart v. City of Phila. Police, No. 06-130, 2006 WL 446071, at *1 (E.D. Pa. Feb. 21, 2006) (dismissing "illegible" pro se complaint, with leave to amend).  But the complaint does not exist in a vacuum.

The plaintiff has previously brought an action wherein she "vaguely allege[d] abuse by the United States Probation Office." Oneal v. Butterwick, Civil Action No. 03-480 (JHR), dkt. entry no. 47, 11-17-04 Order, at 1.  The district court in that action stated the plaintiff (1) asserted that "'United States Probation creates and breeds potential terrorists' and the named Defendants 'are a disgrace to our federal system,'" (2) began "a letter writing campaign" complaining that a 1990 pre-trial services investigation is affecting her ability to find employment, and that the defendants had "'falsified documents' and 'created mental health issues,'" (3) "threaten[ed] to 'report' to the Clerk of the Court 'every day until this matter is resolved,'" and, (4) accused probation officers of "'us[ing] public office

3

and position to violate civil rights,' and demand[ed] one million dollars from each Defendant, as well as . . . '[one defendant's] pension.'" Id. at 2-3.  As a result, that district court — in a November 17, 2004, order ("Order") — "barred [the plaintiff] from filing or seeking to file any other documents of any kind in th[at] case, unless she first seeks the Court's leave granting her written permission to file it." Id. at 4.  The Order was affirmed by the Third Circuit Court of Appeals.  Oneal v. Butterwick, 130 Fed.Appx. 626 (3d Cir. 2005) (table decision).

    It appears that the plaintiff is attempting to skirt the Order by bringing this action against different probation officers.  The Court will not countenance such conduct.  The complaint will be dismissed with prejudice.[2]  The Court will issue an appropriate order and judgment.

                                        s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

---

[2]  It appears that the plaintiff has brought yet another action against the United States Probation Office and certain probation officers.  See Oneal v. Lester A. Drank Behavioral Health Ctr., 04-5616 (JBS), dkt. entry no. 2.